IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUYN PHUOC TOAN, A42-619-729  *
        Petitioner,
  v.  * CIVIL ACTION NO. WMN-05-1426

I.C.E.  *
and
DOUGLAS C. DEVENYNS  *
        Respondents.
                    ******

**MEMORANDUM**

Pending is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed pro se by Huyn Phuoc Toan, an alien who is subject to a final order of removal. Petitioner is in the custody of U.S. Immigration and Customs Enforcement ("ICE")[1] pending removal and is a detainee at the Worcester County Detention Center. Counsel for Respondents, ICE and Douglas C. Devenyns, Director of the Wicomico County Detention Center, has moved to dismiss the petition. Petitioner has filed a reply in opposition. For the reasons that follow, the petition will be dismissed without prejudice.

**I. Facts**

Petitioner is a citizen of Vietnam who was admitted to the United States as a lawful permanent resident in 1992. On May 31, 2005, an Immigration Judge ordered Petitioner's removal based on his convictions for distribution of a controlled substance. Petitioner did not appeal. Consequently, the removal order became administratively final on May 1, 2005. See 8 C.F.R. §§1003.8 & 1003.39.

In this request for habeas relief, Petitioner does not seek judicial review of his final removal order,

---

[1] Respondents' motion to delete party ICE as a party respondent will be granted by separate order. In a petition for habeas corpus relief under 28 U.S.C. § 2241, the proper respondent is the "person having custody of the person detained." 28 U.S.C. § 2243. Inasmuch as Petitioner is detained at the Wicomico County Detention Center, the proper respondent is the director of the facility, Douglas C. Devenyns.

but challenges only his continued detention pending removal. He states that because there is no repatriation agreement between the United States and Vietnam, "there is no significant likelihood" that he "will be removed to Vietnam or any other country" in the "reasonably foreseeable future." Petitioner's Opposition Reply.

**II. Analysis**

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that section 241(a) of the Immigration and Nationality Act (INA"), 8 U.S.C. § 1231(a), permits the detention of an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. Zadvydas, 533 U.S. at 701. The Court held that an alien subject to a final order of removal generally may be detained for a period of six months. Id. After the presumptively reasonable six-month period, detention may continue unless the alien establishes "that there is no significant likelihood of removal in the reasonably foreseeable future." Id. In addition, as Respondents note, the INA requires detention of aliens for 90 days following the date that the removal order becomes administratively final. See Section 241(a)(2) of the INA, 8 U.S.C. §1231(a)(2).

The removal order in this case became administratively final on May 1, 2005, and the six-month presumptively reasonable period will not elapse until November 1, 2005. As such, the petition is premature. It is further noted that the required 90-day detention period will not expire until August 1, 2005.

**III. Conclusion**

Accordingly, the petition will be denied without prejudice. A separate Order follows.

                                                  /s/

June 29, 2005                              _____
Date                                            William M. Nickerson
                                                 United States District Judge